1  BRUCE A. BEHRENS, Chief Counsel
   THOMAS C. FELLENZ, Deputy Chief Counsel
2  RONALD W. BEALS, Assistant Chief Counsel
   JOHN K. HOXIE (Bar No. 162434)
3  NAVTEJ S. BASSI (Bar No. 188406)
   Attorneys for the Department of Transportation
4  1120 N Street, P.O. Box 1438
   Sacramento, CA 95812-1438
5  Telephone: (916) 654-2630
   Facsimile: (916) 654-6128
6
   Attorneys for Defendants State of California,
7  Department of Transportation and Will Kempton,
   in his official capacity as Director of California
8  Department of Transportation

9

10                    UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12  CALIFORNIA STATE OUTDOOR          ) Case No.: 2:05-CV-00599-FCD-DAD
13  ADVERTISING ASSOCIATION, INC., a  )
    California corporation; et al.,   )
14                                    ) DEFENDANT'S MEMORANDUM
                                      ) OF POINTS AND AUTHORITIES IN
15                 Plaintiffs,        ) SUPPORT OF DEFENDANT'S
                                      ) OPPOSITION TO PLAINTIFF'S
16        vs.                         ) MOTION FOR SUMMARY
                                      ) JUDGMENT
17  STATE OF CALIFORNIA,              )
18  DEPARTMENT OF                     )
    TRANSPORTATION, et. al.,          ) Date:    February 10, 2006
19                                    ) Time:    10:00 a.m.
                                      ) Ctrm.:   2
20                 Defendants.        )
                                      ) Honorable Frank C. Damrell, Jr.
21  _____  )

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     I

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . .     iii

I      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     1

II     STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

        1.    Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . .     3
        2.    Fee Requirement and Former $20 Fee . . . . . . . . . . . . .     4
        3.    Application of the New Fee . . . . . . . . . . . . . . . . . . . . .     5
        4.    Plaintiffs' Payment of the Fee . . . . . . . . . . . . . . . . . . .     5

III    THE DECLARATORY JUDGMENT SOUGHT BY
       PLAINTIFFS STATING THAT THE $92 PERMIT FEE
       IS VOID IS AN INAPPROPRIATE REMEDY . . . . . . . . . . .     6

IV    PLAINTIFFS REQUEST THAT THE COURT ENJOIN
       DEFENDANTS FROM TAKING ACTION TO ENFORCE
       THE NEW $92 FEE IS NOT NECESSARY DUE TO THE
       STIPULATED INJUNCTION AND COURT ORDER
       THEREON DATED NOVEMBER 30, 2005 . . . . . . . . . . . . .     8

V     PLAINTIFFS REQUEST FOR A REFUND AND
       INTEREST SHOULD BE DENIED . . . . . . . . . . . . . . . . . . .     8

        1.    State Tax Cases Are Not Relevant . . . . . . . . . . . . . . . .     9
        2.    Plaintiffs Chose Not to Petition for a Quick,
            Administrative Review of the Fee . . . . . . . . . . . . . . . .     10
        3.    Plaintiffs Retained Additional Administrative Remedies     10
        4.    Defendants' Actions Were Reasonable . . . . . . . . . . . .     11

VI    MANY OF THE PLAINTIFFS CANNOT CLAIM A REFUND
       FOR THE FEE INCREASES PAID FOR CALENDAR YEARS
       2003-2005, SINCE THESE AMOUNTS WERE PAID
       WITHOUT FILING A TIMELY CLAIM . . . . . . . . . . . . . .     12

VII   PLAINTIFFS CANNOT BASE A REFUND CLAIM
       BASED ON THE DUE PROCESS CLAUSE SINCE PRE-
       DEPRIVATION REMEDIES EXISTED FOR THE
       PLAINTIFF PERMIT HOLDERS . . . . . . . . . . . . . . . . . . . .     16

VIII PAYMENT OF A PERMIT FEE DOES NOT CONFER ANY
CONTRACTUAL, LEGAL OR CONSTITUTIONAL RIGHT
FOR PAYER THAT WOULD BAR A RETROSPECTIVE
FEE INCREASE, NOT IS THERE A DUE PROCESS
VIOLATION, IF THE INCREASE IS REASONABLY
RELATED TO RECOUPING THE COSTS OF
ADMINISTERING THE LICENSING PROGRAM . . . . . . .        18

IX PLAINTIFFS' ARGUMENT THAT A REFUND OF THE
PERMIT FEES IS DUE BASED ON A VIOLATION OF THE
FIRST AMENDMENT IS MISPLACED SINCE THERE IS
NO RULING ON THIS ISSUE . . . . . . . . . . . . . . . . . . . . . .        19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .        21

# TABLE OF AUTHORITIES

## CASES

Page

*Alaska Consol Canneries v. Territory of Alaska*
16 F.2d 256 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242, 248-49 (1986) . . . . . . . . . . . . . . . . . . . . . . . .   19

*Atchison, Topeka & Santa Fe Railway Co. v. O' Connor*
223 U.S. 280, 285-286 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   17

*Bekins Van & Storage Co. v. State,* (1933)
135 Cal. App. 738 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*Celotex Corp. v. Catrett,*
477 U.S. 317, 323 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

*Flynn v. City and County of San Francisco,*
18 Cal.2d 210, 217. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   9

*Kings Rehabilitation Center, Inc. v. Premo*
69 Cal.App.4th 215, 217 . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*McKesson Corporation v. Division of Alcoholic Beverages and Tobacco*
496 U.S. 18, 31 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16, 17

*Motion Picture Studio Teachers & Welfare Workers v. Millam* (1996)
51 Cal App. 4th 1190, 1197-99, 59 Cal. Rptr. 2d 608 . . . . . . .   10

*Pacific Gas & Electric v. State Department of Water Resources* (2003)
112 Cal App. 4th 477, 502-505, 5 Cal. Rptr. 3d 283 . . . . . . . .   12

*San Jose v. Sup. Ct.,* (1974)
12 Cal.3d 447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

*State v. Superior Court (Bodde),* (2004)
32 Cal.4th 1234 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   13

*Sunset Nut Shelling Company v. Johnson*
49 Cal.App.2d 354, 357 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18

*Tidewater Marine Western, Inc. v. Bradshaw*

    14 Cal.4th 557, 572 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     6

*Tushner v. Griesinger* (1959)

    171 Cal.App.2d 599, 606, 341 P.2d 416 . . . . . . . . . . . . . . . .     6

*Vitale v. City of Los Angeles*

    13 Cal.App.2d 704, 706-707 . . . . . . . . . . . . . . . . . . . . . . . . . .     9

*Ward v. Love County*

    253 U.S. 17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

*Whyte v. State*

    110 Cal. App. 314 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     9

## CALIFORNIA STATUTES

|  | Page |
|---|---|

Business and Professions Code

    section 5200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     4

    section 5485 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 3

    section 5485(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1, 4,

        6, 7, 9

        17,

        18, 20

California Code of Regulations

    1 CCR section 121(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

    4 CCR section 2424 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

    4 CCR section 2442(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    17

Government Code

    section 900 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .     3

    section 905.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

section 911.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13, 17

section 915 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

section 11340 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

section 11340(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

section 11340.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10

section 11340.9(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 11

Revenue Code

section 6905, 6932 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Stats. 1933 Ch. 341 §6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## CALIFORNIA CONSTITUTION

California Constitution, Article I, Section 2(a) . . . . . . . . . . . . . . . . . 6

## FEDERAL CONSTITUTION

United States Constitution, First Amendment . . . . . . . . . . . . . . . . . 6

## FEDERAL RULES OF CIVIL PROCEDURE

FRCP 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

## TEXTBOOK REFERENCE

California Forms of Pleading and Practice

Matthew Bender, 2001 Rev., Vol. 41, Section 472.21[1][f] . 2, 11, 14

## OPINIONS OF THE ATTORNEY GENERAL

66 Ops. Cal. Atty. Gen. 505 (1983) . . . . . . . . . . . . . . . . . . . . . . . 2, 11

BRUCE A. BEHRENS, Chief Counsel
THOMAS C. FELLENZ, Deputy Chief Counsel
RONALD W. BEALS, Assistant Chief Counsel
JOHN K. HOXIE (Bar No. 162434)
NAVTEJ S. BASSI (Bar No. 188406)
Attorneys for the Department of Transportation
1120 N Street, P.O. Box 1438
Sacramento, CA 95812-1438
Telephone: (916) 654-2630
Facsimile: (916) 654-6128

Attorneys for Defendants State of California,
Department of Transportation and Will Kempton,
in his official capacity as Director of California
Department of Transportation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA STATE OUTDOOR ADVERTISING ASSOCIATION, INC., a California corporation; et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF CALIFORNIA, DEPARTMENT OF TRANSPORTATION, et. al., <br><br> Defendants. | ) Case No.: 2:05-CV-00599-FCD-DAD <br> ) <br> ) DEFENDANT'S MEMORANDUM <br> ) OF POINTS AND AUTHORITIES IN <br> ) SUPPORT OF DEFENDANT'S <br> ) OPPOSITION TO PLAINTIFF'S <br> ) MOTION FOR SUMMARY <br> ) JUDGMENT <br> ) <br> ) Date: February 10, 2006 <br> ) Time: 10:00 a.m. <br> ) Ctrm.: 2 <br> ) <br> ) Honorable Frank C. Damrell, Jr. |

## I. INTRODUCTION

Defendants are specifically authorized by statute to charge an annual permit fee for outdoor advertising displays ("billboards") up to $100 in the areas of state jurisdiction, Business and Professions Code §5485(a). Defendants set such a fee at $92 in 2003 in accordance with the parameters of the revised Section 5485, but did not establish the fee through the California Administrative Procedure Act ("APA"), Gov. Code §11340 et seq., relying instead on Gov. Code §11340.9(g), which

specifically exempts "rates, prices and tariffs" from formal rule-making. "There is some persuasive authority that the exception should be read to encompass not only 'rates,' 'prices,' and 'tariffs,' but also 'fees' [66 Ops. Cal. Atty. Gen. 505 (1983) (Department of Developmental Services parental fee schedule).]" California Forms of Pleading and Practice, Matthew Bender, 2001 Rev., Vol. 41, Section 472.21[1][f]. However, this Court disagreed, and in its August 29, 2005 order, pursuant to Plaintiffs' July 2005 motion for partial summary judgment, found that Defendants should have set the fee through the formal APA rule-making process.

Rather than fight this issue for future fees, Defendants are now at the end of the APA process to adopt a new regulation, setting the fee at $100, to take effect in 2006, based on actual costs from fiscal year 2004/2005, which would have justified a $113 fee, but for the legislative cap of $100 (See accompanying Declaration of James Arbis at No. 5-6).

Plaintiffs' current motion seeks three forms of relief, each of which should be denied:

(1)    Declaratory relief that the $92 fee is void.  Not only the does current rule-making, to set the 2006 fee, make this relief null and unnecessary, but declaratory relief regarding regulations is only proper prior to the regulation being invoked.  In the Court's August 2005 order, there has been no factual finding the fee amount itself was improper, just that a formal rulemaking was necessary.

(2)    Injunctive relief to enjoin enforcement of the $92 fee.  This relief is also moot due to Defendants' voluntary initiation of formal rule-making.  Additionally, at Plaintiffs' insistence, the parties entered into a stipulated injunction to insure that Plaintiffs would not be penalized by Defendants attempting to enforce the fee contrary to this Court's August 2005 ruling (something Defendants could not and would not do).

(3)     An order to refund $1,662,912 in fees paid, plus $205,684.11 in interest. Additionally, Plaintiffs' have filed a motion for attorney fees in the amount of $347,661.50.  Plaintiffs have not cited one case where fees have been ordered to be refunded due to the format of setting the fee.  While the Court has ruled that the procedure Defendants used to set the fee was improper, there has been no ruling that the amount itself was improper nor that services were not provided in that amount. Finally, claims for monetary payments from the State of California can only be made in conformance with the state's Claims Act, commencing at Government Code §900.

Plaintiffs' Motion for Summary Judgment should be denied.

## II.  STATEMENT OF FACTS

1.   Procedural History

Rather than avail themselves of the comparatively quick and inexpensive procedure to challenge an alleged uncodified "underground regulation" through the Office of Administrative Law, Government Code §11340.5, Plaintiffs commenced a Court action.

Apart from argumentative posturing, Plaintiffs have correctly stated the procedural history through the filing of the current motion.  Most importantly, the only ruling this Court has entered is that the annual permit fee specified in Bus. & Prof. Code §5485 must be set through formal APA rulemaking.

Immediately after this motion was filed, Defendants requested a stipulation to extend the hearing date.  Plaintiffs refused, claiming that the continuance would push the hearing date past December 31, 2005, at which point Plaintiffs alleged they would be required to pay the full permit fee for calendar year 2006.  Defendants offered to stipulate in writing that no permit fee would be collected for 2006, nor any fines or permit revocations imposed for non-payment by December 31, 2006 until a fee has set through the APA process.  The APA procedure to set the 2006 fee had been initiated by the Department of Transportation on November 21, 2005, or

thereabouts (See Arbis Declaration at No. 5). When this assurance failed to convince Plaintiffs to stipulate to a continuance, Defendants filed an Ex-Parte Motion for a continuance on November 23, 2005, in response to which Plaintiffs filed an opposition on November 28, 2005.

Before Defendants' Ex-Parte motion was ruled upon, on November 30, 2005, both parties agreed upon a stipulated permanent injunction and a continuation of the hearing date to February 10, 2006. This stipulated permanent injunction bars Defendants from collecting the 2006 fee by December 31, 2005, and from imposing related fees or revoking permits for non-payment by that date. Furthermore, Defendants will not collect the 2006 fee until such fee has been set according to APA procedures. Aside from this injunction, the Court is to decide all issues in Plaintiffs' current motion for summary judgment on their merits, with full rights of appeal for both parties. The Court approved the order for the stipulated injunction on November 30, 2005 (see Court's order). In mid-December 2005, the Court approved a stipulation allowing Van Wagner/Goodman, LLC and Van Wagner Communications, LLC, to replace Van Wagner Communications as a Plaintiff. In the same stipulation and order, Plaintiff Heywood Company Outdoor's claims were dismissed without prejudice.

    2.   Fee Requirement and Former $20 Fee

Again, there is no substantive disagreement between the parties. Defendant State of California Department of Transportation and Will Kempton in his official capacity as Director, ("Defendants") are charged with enforcing the Outdoor Advertising Act ("OAA"), California Business and Professions Code §5200 et seq. (See Plaintiffs' SUF No. 1). The OAA, §5485(a) authorizes Defendant Department of Transportation to charge an annually renewed permit fee for each billboard, which until January 1, 2003 was set at $20 (See Plaintiffs' SUF No. 4). Effective January 1, 2003, the California Legislature amended section 5485(a) allowing the Director of

Department of Transportation to set the revised annual fee at an "...amount reasonably necessary to recover the cost of providing the service or enforcing the regulations...but in no event shall the fee exceed one hundred ($100)." (See Plaintiffs' SUF No. 5). On or about June 2, 2003, pursuant to the new section 5485(a) and based on actual costs, Defendants increased the annual fee to $92 (Plaintiffs' SUF No. 6). While a formal rule-making process was not followed, Plaintiffs were fully engaged in this process and all of the State's data was shared with Plaintiff.

### 3. Application of the New Fee

In setting the new fee at $92, Defendants did not follow the California Administrative Procedures Act, California Government Code §11340 et seq. (See Plaintiffs' SUF No. 6 and Arbis Declaration at No. 3). Defendants believed in good faith that the permit fee was exempt from the APA under California Government Code §11340.9(g) which exempts "regulations establishing rates, prices or tariffs." Since the new fee was effective January 1, 2003, an additional $72 per licensed billboard was collected for 2003. Defendants thereafter, collected the full $92 fee for 2004 and 2005 (See Declaration of James Arbis at 4). The 2006 fee, which would normally be due by December 31, 2005, has not been collected, since it is currently being set according to the California Administrative Procedures Act, California Government Code §11340 et seq. (See Arbis Declaration at 5 and 6).

### 4. Plaintiffs' Payment of the Fee

Plaintiffs have correctly stated the amount they have paid since the $92 fee was established, with a few immaterial differences. (See Arbis Declaration at 7).

///

///

///

## III. THE DECLARATORY JUDGMENT SOUGHT BY PLAINTIFFS STATING THAT THE $92 PERMIT FEE IS VOID IS AN INAPPROPRIATE REMEDY

In its August 29, 2005 order this Court ruled that the APA applies to the new permit fee instituted by Defendants, effective January 1, 2003, under statute at Bus. and Prof. Code §5485(a). The August 2005 order did not state that the fee of $92 itself was void or whether there had been an improper retroactive imposition of the $72 increase in 2003, in violation of 5485(a). In addition, this Court refrained from ruling on whether the $92 fee violated the California Free Speech clause under California Constitution, Article I, Section 2(a) or under the First Amendment of the United States Constitution.

Plaintiffs now seek a declaratory judgment that the fee is void. In cases involving regulatory challenges, the time for a pre-enforcement remedy of declaratory judgment has passed, *Tushner v. Griesinger* (1959) 171 Cal.App.2d 599, 606, 341 P.2d 416. Of course, with the State's voluntary initiation of formal APA rulemaking to establish the fee from 2006 forward, the need for this relief is arguably null and unnecessary.

There is no determination in the Court's August 2005 order that the $92 fee would not have been at that amount if the APA had been followed. While Defendants did not follow the APA in setting the $92 fee, this does not equate to the $92 fee being void, improper or excessive. Plaintiffs' reliance on *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal.4th 557, 572, is misplaced. In *Tidewater*, the California Supreme Court held that the internal "written interpretative policies" of a state agency were regulations within the meaning of the APA. However, in the case at hand, there is a specific state law authorizing the fee. Far from adopting a mere internal procedure, Defendants acted on the instruction of clear statutory authority under the revised Bus. & Prof. §5485(a), which required the Director of the Department of Transportation to set a new fee effective January 1, 2003. The revised

§5485(a) indicates a legislative recognition that the permit fee needed revision to cover the taxpayers' actual costs in regulating the outdoor advertising industry. A major portion of such regulation is to protect Plaintiffs from unlawful competitors. If this Court rules the fee void and also grants the refund of the fee increase paid for years 2003-2005, it will mean that Plaintiffs will have continued to pay the old $20 fee during these three years, when the legislature clearly intended a fee increase, up to $100, effective January 1, 2003, under the revised 5485(a). Finally, the revised 5485(a) makes no mention of the APA. Neither have Plaintiffs shown any evidence of abuse or arbitrary conduct by Defendants in setting the $92 fee.

Following the Court's August 2005 order, Defendant Department decided not to collect the 2006 fee (which would have been due by December 31, 2005) and instead to follow the APA procedure to set the 2006 fee amount. In doing this, Defendants calculated the fee at $113, based on their cost recovery, as allowed by Business and Professions Code §5485(a) (See Arbis Declaration at 6). However, due to the limit imposed by §5485(a), Defendants are limited to $100, even if the costs justify a higher fee.

One of the public policy purposes of the APA is to "eliminate the use of underground regulations; rules which only the government knows about." ***Kings Rehabilitation Center, Inc. v. Premo***, 69 Cal.App.4th 215, 217. The APA is also designed to allow those affected by upcoming regulations to conform their conduct to meet the anticipated regulations. In setting the $92 fee, Defendants were limited to cost recovery up to a maximum of $100 (See Plaintiffs' SUF No. 5). Furthermore, the permit fee does not affect the public at large, but rather a handful of mostly corporate permit holders. The APA notice and hearing requirements would not have affected any conduct on the part of these permit holders, since the only issue was the fee amount, which under 5485(a) is to be based on Defendant's objective cost of administering its Outdoor Advertising Program. The input of the permit holders

would have had no effect on Defendants' costs to be recovered and thus no effect on the final fee amount of $92. Therefore, by setting the fee based on statutory authority alone, and not via the APA, none of the public policy concerns protected by the APA were in fact violated.

## IV. PLAINTIFFS REQUEST THAT THE COURT ENJOIN DEFENDANTS FROM TAKING ACTION TO ENFORCE THE NEW $92 FEE IS NOT NECESSARY DUE TO THE STIPULATED INJUNCTION AND COURT ORDER THEREON DATED NOVEMBER 30, 2005

This request has been rendered moot by both the Defendants' voluntary APA rule-making procedure to set fee beginning in 2006 and the permanent injunction that the parties stipulated to and which was made an Order of this Court on November 30, 2005. This stipulated injunction does not however, apply to the fees already collected, which are at issue here.

## V. PLAINTIFFS' REQUEST FOR A REFUND AND INTEREST SHOULD BE DENIED

Plaintiffs seek a "refund" of $1,662,912 in paid permit fees, plus $205,684.11 in interest. In a separate, accompanying motion they also seek $347,661.50 in attorney fees.

No case is cited to support the refund of any state fee, let alone one that was specifically authorized by statute. There has been no finding that the amount of the fee was unreasonable, nor that any state services were not provided. While some of Plaintiffs have complied with the State's Claims Act, others have not, prohibiting their claim regardless of any legal finding. Finally, while the Court ruled against Defendants' determination that it could proceed to set the fee without formal rule-making, there has been no evidence that the fee was set in an arbitrary or capricious manner.

1.   State Tax Cases Are Not Relevant

Plaintiffs contend by analogy that if an unlawful state tax, paid under threat of penalty, is refundable to the payer, a fee paid under a void regulation must also be repaid, *Flynn v. City and County of San Francisco,* 18 Cal.2d 210, 217. However, *Flynn* is not persuasive since it dealt with a general revenue tax as opposed to a specific regulatory fee such as the one in the case at hand which is designed solely to recover Defendants' costs for administering its outdoor advertising program. The $92 permit fee at issue here is imposed for a specific regulatory purpose on a specific group of permit holders who benefit from the statutory scheme.

Plaintiffs have failed to cite any legal authority compelling a state agency to return fees that had been collected under a regulation later determined to have been incorrectly adopted. In *Flynn*, the payment by Plaintiffs involved a city tax that amounted to double taxation. In *Whyte v. State* 110 Cal. App. 314, the court allowed a refund for a corporate tax, paid without protest under threat of penalties, but which had already been ruled unconstitutional. In *Vitale v. City of Los Angeles*, 13 Cal.App.2d 704, 706-707, cited by Plaintiffs, again the payment involved refund of a payment under a local ordinance that had been ruled void. There is no authority cited by Plaintiffs that casts doubt on whether the new 5485(a) is unconstitutional or unlawful.

Moreover, the $92 fee was an objective fixed amount set by statute under the new 5485(a), with future increases also controlled by this statute. Plaintiffs claim that as in *Flynn*, they paid the $72 fee increase, effective January 1, 2003, "involuntarily" under coercion and threat of penalties and should therefore be refunded with interest. However, this argument is flawed since Plaintiffs have been paying an annual permit fee since 1933 (Stats. 1933 Ch. 341 §6). All that happened in 2003 was a fee increase, taking the fee from $20 (which was set in 1991) to $92, based on statutory authority under the revised 5485(a), which allowed Defendants to

9

recover the increased costs of administering their outdoor advertising program. In effect there was no qualitatively new unexpected fee or tax.

With respect to paying the increased fee under coercion, Plaintiffs paid the fee with full knowledge of the penalties, as set out in the governing regulations at 4 CCR §2424 et seq. These penalties are not new or unknown to Plaintiffs, since permit fees have been collected by the state since 1933, with attendant penalties and revocation procedures for non-payment. More significantly, penalties and revocation procedures for non-payment of the fee were set through the APA before becoming part of 4 CCR §2424 et seq. This is the very procedure that Plaintiffs are arguing should have been used to set the revised permit fee and therefore, Plaintiff should have no objection to these penalties or regard them as coercive.

    2.    <u>Plaintiffs Chose Not to Petition For a Quick,</u>
            <u>Administrative Review of the Fee</u>

While Plaintiffs now allege they had no option but to pay the new fee, that is not correct. Government Code §11340.5 allows any party to attack an alleged uncodified, "underground regulation" by petitioning the Office of Administrative Law ("OAL"). If OAL agrees with the challenger, it issues a determination that the rule is invalid and unenforceable unless formally adopted pursuant to the APA (1 Cal. Code Reg. §121(a)).

An OAL petition is available to any party challenging an administrative action, but to date has not been ruled mandatory, ***Motion Picture Studio Teachers & Welfare Workers v. Millam,*** (1996) 51 Cal App. 4th 1190, 1197-99, 59 Cal. Rptr. 2d 608. Thus, Defendants have not contended Plaintiffs failed to exhaust their administrative remedies.

    3.    <u>Plaintiffs Retained Additional Administrative Remedies</u>

With respect to whether the penalties really were so coercive as to force payment of the new $92 fee, 4 CCR §2424 et seq., sets forth the procedures for non-

payment of the permit fee. There is a review procedure such that no permit holder's display is removed until after a full hearing. Thus pre-deprivation procedures did exist in the event of non-payment of the permit fee.

Finally, Plaintiffs claim that they were given only 30 days after the 2003 fee increase was announced to pay the additional $72 for 2003 (See Plaintiffs' Motion at page 10, 6-8). To accommodate Plaintiffs, Defendants in fact allowed 60 days in 2003 to pay the fee increase for that year (See Arbis Declaration at No. 4 and Exhibit 1 attached thereto).

### 4.   Defendants' Actions Were Reasonable

Defendants acknowledge the Court's ruling and will not attempt to reargue their initial position that this fee is exempt from the formal rule-making procedures of the APA under the "rate, price or tariffs" exception (Gov. Code §11340.9(g)). However, the reasonableness of Defendant's actions may well be a factor in determining whether Plaintiffs are entitled to a "refund," interest, and/or attorney fees.

At least one legal treatise has concluded that "there is some persuasive authority that the exception should be read to encompass not only 'rates,' 'prices,' and 'tariffs,' but also fees [66 Ops. Cal. Atty. Gen. 505 (1983) (Department of Developmental Services parental fee schedule." California Forms of Pleading and Practice, Vol. 41, §472.21 [1][f]. While the authority is not uniform (see 1986 OAL Determination No. 5, p. 9-12), the guidebook concludes that such rules are exempt from the APA requirements when they "...tend to be part and parcel of an alternative statutory scheme requiring noticed public hearings..." (at §472.21[1][f]). Here, the standards and the maximum fee was set by the ultimate "statutory scheme," an actual statute. Most recently, the Department of Water Resources was not required to have a public hearing nor follow the APA to determine "recoverable costs" to be included

in utility rates paid by PG&E, ***Pacific Gas & Electric v. State Department of Water Resources,*** (2003) 112 Cal App. 4th 477, 502-505, 5 Cal. Rptr. 3d 283.

## VI. MANY OF THE PLAINTIFFS CANNOT CLAIM A REFUND FOR THE FEE INCREASES PAID FOR CALENDAR YEARS 2003-2005, SINCE THESE AMOUNTS WERE PAID WITHOUT FILING A TIMELY CLAIM

California Government Code §905.2, "Required presentation of claims against State," requires any party seeking "money or damages" from the State to file a claim with the Victim Compensation and Government Claims Board (VCGCB). Compliance with statutes governing claims against government entities is mandatory, and failure to file a claim is fatal to the cause of action. ***San Jose v. Sup. Ct.***, (1974) 12 Cal.3d 447. It is well settled California law that the statutory requirement of first presenting a claim for state taxes illegally levied and collected is a condition precedent with which it is necessary to comply before the court acquires jurisdiction to entertain cause for trial. ***Bekins Van & Storage Co. v. State,*** (1933) 135 Cal. App. 738. If a claim is required for a tax refund, it is *a fortiori* necessary for a fee refund (for taxes, the claim is now filed with the Board of Equalization, not the VCGCB, Rev. Code §6905, 6932).

Under California Government Code §911.2, a claim for a loss other than a cause of action for death or injury to person or property, shall be presented as defined by Government Code §915, within one year of the accrual of the cause of action. Most Plaintiffs were informed of the fee increase from $20 to $92 on or about June 2, 2003 (See Plaintiffs' SUF No. 6 and declarations of Plaintiff permit holders attached to current motion and summary table below).

The Plaintiffs who never filed a claim with the VCGCB [Lamar Advertising Company, Clear Channel, Inc., Arcturus Advertising Company, Van Wagner/Goodman LLC and Wagner Communications LLC, Hoff Outdoor Advertising, Titan Outdoor Advertising, and Hunter Media Outdoor Advertising]

(See Brigaman Declaration at No. 5) – did not satisfy the jurisdictional requirements of the controlling claims statutes and therefore cannot be awarded legal remedies.

Of the named Plaintiffs, only eight (8) completed Board of Control Claims with the VCGCB. According to California Law, those Plaintiffs who filed their claims more than one year after the accrual of the cause of action are also jurisdictionally barred from seeking legal damages in court under Cal. Gov. Code §911.2. Failure to timely present claim for money or damages to public entity bars Plaintiff from filing lawsuit against that entity, *State v. Superior Court (Bodde)*, (2004) 32 Cal.4th 1234.

As set forth in the summary table below in this section, three Plaintiffs- Stott, General and Sun - all filed claims more than one year after being notified of the fee increase, and are therefore statutorily barred from recovering money or damages from Defendants.

Stott Outdoor Advertising was informed on June 2, 2003 (see Moravec Declaration attached to Plaintiffs' motion at No. 5 and Exhibit 2 attached thereto). Stott filed its VCGCB claim on or about June 21, 2004 (See Brigaman Declaration at No. 4 and Exhibit 3 attached thereto).

General Outdoor Advertising was informed on June 2, 2003 (See Wynn Declaration attached to Plaintiffs' motion at No. 3). General Outdoor filed its VCGCB claim on or about July 29, 2004 (See Brigaman Declaration at No. 4 and Exhibit 4 attached thereto).

Sun Outdoor Advertising was informed on February 26, 2003, via Blue Mountain Outdoor, Inc., that the new $92 fee was in effect (See Schnitzer Declaration attached to Plaintiffs' motion at No. 4 and Exhibit 1 attached thereto). Sun filed its VCGCB claim on or about June 21, 2004 (See Brigaman Declaration at No. 4 and Exhibit 5 attached thereto).

1  Only the following Plaintiffs appear to have filed timely claims, though not
2  necessarily for all the fees paid:

3     a)    Plaintiff Viacom Outdoor, Inc. were informed on August 28, 2003 that
4  the new $92 fee was in effect (See Shinn Declaration attached to Plaintiffs' motion at
5  No. 3 and Exhibit 1 attached thereto).  Viacom filed its VCGCB claim on July 22,
6  2004 or thereabouts (See Brigaman Declaration at No. 4 and Exhibit 1 attached
7  thereto).

8     b)    Plaintiff Fairway Outdoor Advertising, Inc. were informed on
9  August 26, 2003 that the new $92 fee was in effect (See Guild Declaration attached
10 to Plaintiffs' motion, at No. 3 and Exhibit 1 attached thereto).  Fairway filed its
11 VCGCB claim on or about June 21, 2004 (See Brigaman Declaration at No. 4 and
12 Exhibit 2 attached thereto).

13    c)    Plaintiff Bulletin Displays, Inc. were informed on December 31, 2003
14 that the new $92 fee was in effect (See Kudler Declaration attached to Plaintiffs'
15 motion at No. 4).  Bulletin filed its VCGCB claim on or about June 21, 2004 (See
16 Brigaman Declaration at No. 4 and Exhibit 6 attached thereto).

17    d)    Plaintiff Van Wagner Outdoor Advertising were informed on August 6,
18 2003 that the new $92 fee was in effect (See Raulli Declaration attached to Plaintiffs'
19 declaration at No. 3 and Exhibit 1 attached thereto).  Van Wagner filed its VCGCB
20 claim on or about June 21, 2004 (See Brigaman Declaration and No. 4 and Exhibit 7
21 attached thereto).

22    e)    Plaintiff Meadow Outdoor Advertising were informed on August 18,
23 2003 that the new $92 fee was in effect (See Zukin Declaration attached to Plaintiffs'
24 motion at No. 3 and Exhibit 1 attached thereto).  Meadow filed its VCGCB claim on
25 or about June 21, 2004 (See Brigaman Declaration at No. 4 and Exhibit 8 attached
26 thereto).

27
28

| SUMMARY OF  VCGB CLAIMS | | | | |
|---|---|---|---|---|
| Plaintiff Name | Date of Notice of Fee Increase | Date of VCGCB Claim and Claim No. | VCGCB Claim Amount | Refund Claim Amount |
| Viacom Outdoor, Inc. | 8-28-03 | 7-22-04 (G548310) | $551,228 | $812,370 |
| Fairway Outdoor Advertising | 8-26-03 | 6-21-04 (G547460) | $35,600 | $35,069 |
| Stott Outdoor Advertising | 6-2-03 | 6-21-03 (G547463) | $50,972 | $74,926 |
| General Outdoor Advertising | 6-2-03 | 7-29-04 (G548516) | $21,144 | $21,849 |
| Sun Outdoor Advertising | 2-26-03 | 6-21-04 (G547464) | $9,108 | $14,256 |
| Bulletin Displays LLC | 12-31-03 | 6-21-04 (G547461) | $7,236 | $10,647 |
| Van Wagner Outdoor | 8-6-03 | 6-21-04 (G547466) | $7,564 | $6,319 |
| Meadow Outdoor Advertising | 8-18-03 | 6-21-04 (G547462) | $1,804 | $2,668 |
| Lamar Advertising Co. | | None | | $443,484 |
| Clear Channel Outdoor Inc. | | None | | $409,087 |
| Van Wagner/Goodman | | None | | $4,805 |
| Hoff Outdoor Advertising | | None | | $5,129 |
| Titan Outdoor Advertising | | None | | $3,125 |
| Hunter Media Outdoor | | None | | $1,304 |

The refund claim amount, in the last column of the table, is taken from Plaintiffs' motion, at page 16, and represents what Plaintiffs have paid in total from 2003-2005 under the new $92 fee minus the old $20 fee. Based on the above summary, those Plaintiffs who filed no VCGCB claims or filed after one year of the accrual of their loss are barred from recovery against the Defendant Department. Therefore, even if the Court finds that a refund is due, it is certainly not due to all Plaintiffs. The following filed late claims or no claims and should therefore, be barred from any refund: Stott Outdoor Advertising ($74,926), General Outdoor Advertising ($21,849), Sun Outdoor Advertising ($14,256), Lamar Advertising ($443,484), Clear Channel Outdoor ($409,087), Arcturus ($5,220), Van Wagner/Goodman ($4,805), Hoff Outdoor Advertising ($5,129), Titan Outdoor Advertising ($3,125) and Hunter Media Outdoor ($1,304).

///

1    Finally, even though it appears that Viacom Outdoor, Inc., Fairway Outdoor

2    Advertising, Bulletin Displays LLC, Van Wagner Outdoor and Meadow Outdoor

3    Advertising, did file VCGCB claims within one the statutory year of the imposition

4    of the new $92 fee, they all filed in mid-2004, before they had paid the 2005 fee

5    (which would have been due on or before December 31, 2004).  Therefore, in the

6    event this Court finds that a refund is due to these five Plaintiffs, such a refund

7    should be reduced by the amounts paid for calendar year 2005.

## VII.  PLAINTIFFS CANNOT BASE A REFUND CLAIM BASED ON THE DUE PROCESS CLAUSE SINCE PRE-DEPRIVATION REMEDIES EXISTED FOR THE PLAINTIFF PERMIT HOLDERS

Plaintiffs predicate one of their refund arguments based on the Fourteenth

Amendment's Due Process Clause, arguing that the imposition of the new $92 fee by

Defendants foreclosed a pre-deprivation remedy.  Plaintiffs contend that the

imposition of the $92 fee constituted an unconstitutional deprivation which denied

Plaintiffs a pre-deprivation remedy, such that Plaintiffs were forced to pay it –

leaving a refund as the only remedy (*McKesson Corporation v. Division of*

*Alcoholic Beverages and Tobacco*, 496 U.S. 18, 31 (1990).).

However, there are critical differences that make *McKesson* inapplicable to the

$92 fee at hand.  *McKesson* involved the refund of a state tax that was found

unconstitutional under federal law.  No such finding has been made with respect to

the Defendants' new $92 fee, which was found improperly assessed only because of

non-compliance with the California APA, not on any constitutional grounds.

Plaintiffs have provided no legal authority which requires refunding a permit fee

increase paid under a valid state statute.  Additionally, in *McKesson*, the refund

involved a tax levied for revenue, whereas Defendants' $92 fee is not revenue for the

state but rather a statutory fixed, objective amount imposed on a specific class of

permit-holders to regulate billboards along state highways.  As opposed to a revenue

tax as in ***McKesson***, Plaintiffs obtained a direct economic benefit from paying this regulatory fee. There simply has been no constitutional deprivation, abuse of power or intent to deprive Plaintiffs of monies by Defendants in collecting a fixed fee.

Plaintiffs allegation that the new $92 fee left them with no pre-deprivation remedy is also patently wrong. Under California Government Code §911.2, Plaintiffs were required to file loss claims with the VCGCB within one year, a procedure that allows resolution or the right to sue in court (see argument above).

In addition, Defendants must under the OAA regulations at 4 CCR §2442(b), pursuant to a written request, review the case of a non-paying permit holder. Defendant Department does not revoke permits or remove a permit-holder's display without a hearing and pursuant to a court order. Thus adequate due process is afforded to Plaintiffs and their argument that the fee increase should be refunded due to a constitutional due process violation is without merit.

Plaintiffs also cite ***Atchison, Topeka & Santa Fe Railway Co. v. O' Connor***, 223 U.S. 280, 285-286, in which the United States Supreme Court held that a refund was due for state taxes held to be unconstitutional under federal law. The same arguments that apply against ***McKesson*** being applicable to the case at hand, also apply to ***Atchison***. The $92 fee at hand is not unconstitutional under federal law.

Plaintiffs have also cited ***Ward v. Love County***, 253 U.S. 17 in support of their due process violation argument. As in ***McKesson*** and ***Atchison***, the taxes in question, which Plaintiffs want refunded, violated federal law. In addition, Defendant county collected these taxes without any legal authority or statute and thus restitution to the payer was held to be a just remedy. In the case at hand, Defendants increased the existing permit from $20 to $92 under clear statutory authority pursuant to the revised Business and Professions Code §5485(a). Restitution or refund of the entire $72 fee increase would necessarily mean that the legislature's intent to allow a fee increase would be thwarted. Moreover, refunding the entire $72 increase paid by

Plaintiffs would mean ignoring the benefits that Plaintiffs would obtain by keeping the fee at $20 (as Plaintiffs have offered to do for the years 2003-2005 – see Plaintiffs' motion at page 14). Any accurate and just restitution would by necessity involve a factual inquiry into what costs Defendants are justified in recovering under §5485(a) via the permit fee increase. Plaintiffs have not borne their burden of proof to obtain summary judgment on the question of what fee amount is justified.

### VIII.  PAYMENT OF A PERMIT FEE DOES NOT CONFER ANY CONTRACTUAL, LEGAL OR CONSTITUTIONAL RIGHT FOR PAYER THAT WOULD BAR A RETROSPECTIVE FEE INCREASE, NOR IS THERE A DUE PROCESS VIOLATION, IF THE INCREASE IS REASONABLY RELATED TO RECOUPING THE COSTS OF ADMINISTERING THE LICENSING PROGRAM

The payment of a fee or tax does not entitle the payer a contractual, legal or constitutional right to pay the same rate as existed at the start of the calendar year (*Sunset Nut Shelling Company v. Johnson*, 49 Cal.App.2d 354, 357). Since public need may require greater taxes, it is fully constitutional for retroactive tax increases to be imposed for the current year during the year. (*Ibid.* at 357).

When Plaintiffs paid the old $20 fee for 2003 on or before December 31, 2002, this did not represent a contractual or legal right to have no retroactive fee increase imposed for the same year, if such a fee was justified by the public need. Defendants are fully prepared to justify the fee increase based on their costs. Plaintiffs paid the existing $20 fee for 2003 on or before December 31, 2002, before the revised Bus. and Prof. Code §5485(a) took effect, on January 1, 2003 (Plaintiffs' SUF No. 5). This made any fee increase under the revised §5485(a) necessarily retroactive (most legislation in California legislation becomes effective on January 1 of the year after it is passed). Furthermore, prior to the fee increase, Defendants gave no assurances to the Plaintiffs that the old $20 fee would be unaltered.

//

//

Further support for Defendant's position can be found in ***Alaska Consol Canneries v. Territory of Alaska***, 16 F.2d 256, which states "A license is merely a permit or privilege to do what otherwise would be unlawful, and is not a contract between the authority, federal, state or municipal, granting it and the person to whom it is granted; neither is it a property or a property right; nor is it taxation..."The amount of a license fee or tax may ordinarily be increased or decreased at any time in the discretion of the body imposing it."

## IX. PLAINTIFFS' ARGUMENT THAT A REFUND OF THE PERMIT FEES IS DUE BASED ON A VIOLATION OF THE FIRST AMENDMENT IS MISPLACED SINCE THERE IS NO RULING ON THIS ISSUE

Plaintiffs claim in their current motion that their original motion for summary judgment showed that Defendants' new $92 fee violates the United States First Amendment since the amount was not revenue neutral. The Defendants in their opposition to Plaintiffs' original motion challenged this claim based on the Department of Transportation's costs and the declarations of Raymond Carter and Ellen Kelley. However, in its August 29, 2005 order this Court never ruled on the issue of the First Amendment. In addition, there is no evidence that any permit-holder's billboard was removed or not built because of the permit fee increase (an amount which is considerably below the what some cities charge for placing billboards on city streets).

Furthermore, to decide whether a fee amount violates the First Amendment by not being "revenue-neutral" involves a factual investigation such that there is a genuine issue of material fact here. Under Federal Rule of Civil Procedure 56, summary judgment is only appropriate only when there is no genuine issue of material fact. An issue is "genuine" when there is sufficient evidence for a reasonable jury to find for the nonmoving party and a fact is "material" when it may affect the outcome of the case under the substantive law of the claim or defense. ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 248-49 (1986). Plaintiffs as the

| | |
|---|---|
| 1 | moving party has the initial burden to demonstrate the absence of a genuine issue of |
| 2 | material fact. ***Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986). Thus, summary |
| 3 | judgment should be entered in favor of the Defendants on this issue, or, at the very |
| 4 | least, the matter be set for a full trial on this issue. |
| 5 | In the case at hand, whether the Defendants' costs of its outdoor advertising |
| 6 | program can justify a $92 fee is a genuine issue of material fact. The language of |
| 7 | Business and Professions Code §5485(a) allows Defendants to set the fee, even if the |
| 8 | APA were followed, at an amount to enable Defendants to recover all the direct and |
| 9 | indirect costs of the service and not just issuing and processing permits as Plaintiffs |
| 10 | seem to believe (See Plaintiffs' SUF No. 5). Defendants believe its cost data fully |
| 11 | supports a ruling in its favor that the $92 fee was revenue neutral. Plaintiffs cannot |
| 12 | prevail on summary judgment by simply asserting that the $92 fee is so excessive as |
| 13 | to be a tax on free speech. Calling the fee speculative and arbitrary is not enough |
| 14 | evidence to obtain summary judgment. If the Court does not feel it has adequate |
| 15 | information to rule in favor of Defendants, the issue should be tried. |
| 16 | |
| 17 | /// |
| 18 | /// |
| 19 | /// |
| 20 | /// |
| 21 | /// |
| 22 | /// |
| 23 | /// |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | |
| 28 | |

# CONCLUSION

Based on the above arguments, Defendants respectfully request that this Court find that there is no basis for declaring the $92 permit fee void or finding there is any basis for a refund to Plaintiffs, since there is no due process violation or infringement of the First Amendment.

DATED: _____18th January 2006_____

BRUCE BEHRENS, Chief Counsel
THOMAS C. FELLENZ, Deputy Chief Counsel
RONALD W. BEALS, Assistant Chief Counsel
JOHN K. HOXIE (Bar No. 162434)
NAVTEJ S. BASSI (Bar No. 188406)


N. Bassi
_____
NAVTEJ S. BASSI
Attorneys for Defendants State of California,
Department of Transportation and Will Kempton,
in his official capacity as Director of California
Department of Transportation

Defendant's Memorandum of Points and Authorities in Support of Defendant's Opposition to Motion for Summary Judgment